UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KELVIN CRUMPTON,

    Defendant.
                                       /

Case No. 13-20842

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL [83]**

On February 14, 2017, Defendant Kelvin Crumpton, through counsel, filed a Motion for New Trial on Count 1 Based on Newly Discovered Evidence of Government's Due Process Violation Under *Brady v. Maryland* and *Kyles v. Whitley* [83]. On March 30, 2017, the Government filed its Response [86]. Defendant filed a Reply [87] on April 14, 2017. The Court held a hearing on the Motion on October 18, 2017.

For the reasons stated below, Defendant's Motion for New Trial [83] is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 5, 2014, a jury convicted Mr. Crumpton of Felon in Possession of Ammunition (Count 1) and Possession with Intent to Distribute Heroin and Other Controlled Substances (Count 2). [Dkt. #43]. The case arose

following the execution of a search warrant by the Wayne County Sheriff's Department on October 18, 2013 at 745 Sloan. Upon execution of the warrant, the police recovered, among other things, rounds of ammunition, controlled substances, and digital scales.

At trial, the Government called witnesses Sgt. Donald Farris and Agent Gregory Lotoczky who testified that the controlled substances were found in the rear area of the premises, where Mr. Crumpton lived. Sgt. Farris further testified that the ammunition (the subject of Count 1), a blue digital scale containing heroin residue (GX 21), and a black digital scale (GX 26) were found in the front of the premises, near the fish tank. T. Tr. at 13:3-6; 25:18-24; 32:1-2 (Sep. 4, 2014).

Following his conviction, Mr. Crumpton filed a Motion for Judgment of an Acquittal, or in the Alternative, Conditional Motion for New Trial on September 14, 2014. [Dkt. #44]. On February 12, 2015, the Court granted his Motion for Judgment of Acquittal. [Dkt. #51]. The Court further held that Mr. Crumpton was entitled to a new trial should the bases of acquittal be reversed. *Id.* at 27. On March 11, 2015, the Government filed a Notice of Appeal [57].

On June 2, 2016, the Sixth Circuit reversed the Court's decision granting the Motion for Judgment of Acquittal and New Trial. *United States v. Crumpton*, 824 F.3d 593, 600 (6th Cir. 2016). The Sixth Circuit reinstated the jury's verdict and remanded for resentencing. *Id.*

In December 2016, Mr. Crumpton's counsel submitted a FOIA request to the Wayne County Sheriff's Department. [Dkt. #83 at 8]. In response to the request, counsel received a Wayne County Sherriff's Office Evidence Log (Exhibit E) documenting the October 18, 2013 search of 745 Sloan. *Id.* The Evidence Log stated that the blue scale with heroin residue (hereinafter "GX 21") was recovered from the dining table in the rear of the premises. Exhibit E.

The newly discovered Evidence Log's documentation that GX 21 was seized from the *rear* of the premises plainly contradicts Sgt. Farris' testimony that it was seized from the *front* of the premises near the fish tank.

In his Motion [83], Mr. Crumpton argues that the Court should grant a new trial on Count 1 because the Evidence Log contradicts the ATF records and Government testimony as to the location of GX 21. Mr. Crumpton further submits that "the Evidence Log is material as to where GX 21 was found, material impeachment as to the veracity of Sgt. Ferris' testimony, and exculpatory as to whether Defendant in fact 'possessed' the ammunition, or merely knew it was there."[1] [Dkt. #87 at 2].

---

[1] At trial, defense counsel argued that because Mr. Crumpton resided in the rear of the premises, he did not possess the bullets recovered from the front of the premises. T. Tr. at 103:6-11 (Sep. 5, 2014). Defense counsel did not argue the issue of possession over the drugs, which were recovered from the rear of the premises. *Id.* at 101:25.

In support of his argument, Mr. Crumpton maintains that GX 21, as the only scale recovered containing drug residue, was circumstantially linked to the drugs found in the rear of the house. Mr. Crumpton further maintains that Sgt. Ferris' testimony on GX 21's close proximity to the bullets was critical to his conviction on Count 1. [Dkt. #87 at 3]. In sum, Mr. Crumpton argues that there is a reasonable probability that he would not have been convicted of Count 1 had this evidence been presented to the jury. [Dkt. #83 at 11].

The Government concedes that it should have turned over the Evidence Log to the defense under *Brady v. Maryland*, 373 U.S. 83 (1983). Nevertheless, the Government submits that given the "overwhelming" evidence against Mr. Crumpton at trial, including Mr. Crumpton's incriminating statements to law enforcement as to the location of the ammunition, [Dkt. #86 at 11], and Mr. Crumpton's possession at the time of trial of a handwritten evidence log (Exhibit A) that could have been used to impeach Sgt. Ferris, that the newly discovered Evidence Log was not material and does not warrant a new trial.

## ANALYSIS

Pursuant to Federal Rule of Criminal Procedure 33, a court may "grant a new trial if the interest of justice so requires." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993), *cert. denied*, 510 U.S. 904 (1993).

Motions for new trial based on newly discovered evidence are "disfavored and should be granted with caution." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991) (citing *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986), *cert. denied*, 484 U.S. 859 (1987)). To prevail on a motion for new trial based on newly discovered evidence, the movant must show:

> (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.

*Turner*, 995 F.2d at 1364.

A different standard applies where the motion for new trial is based on a *Brady* violation. *United States v. Hanna*, 661 F.3d 271, 298 (6th Cir. 2011). In the case of an alleged *Brady* violation,[2] the defendant need not "satisfy the severe burden of demonstrating that newly discovered evidence probably would have resulted in acquittal . . . . [but rather] must only show that the favorable evidence at issue was 'material.'" *United States v. Frost*, 125 F.3d 356, 382 (6th Cir. 1997).

Evidence is considered "material" for purposes of *Brady* where "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473

---

[2] A *Brady* violation has three components: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either wilfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

U.S. 667, 682 (1985). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). The reviewing court should ask whether the suppressed evidence casts sufficient doubt on the defendant's conviction that it puts the "whole case in such a different light." *Id.* at 435.

In this case, the first two prongs of the *Brady* analysis are not in dispute.[3] Accordingly, the Court's analysis is limited to whether the newly discovered Evidence Log is "material" for purposes of *Brady*.

Generally, any evidence impacting the credibility of a key witness is material and should be disclosed to the defense. *Eakes v. Sexton*, 592 Fed. App'x 422, 429 (6th Cir. 2014). However, evidence is not considered material for purposes of *Brady* solely because it could have been used to impeach a key witness. *See Hutchison v. Bell*, 303 F. 3d 720, 744 (6th Cir. 2002). The Sixth Circuit has emphasized that impeachment evidence is material where the key witness' testimony is one of the only pieces of evidence linking the defendant to the offense. *Sexton*, 592 Fed. App'x at 429 (finding that the evidence was material because the defendant's conviction rested largely on the key witness' testimony

---

[3] The Government has conceded that the Evidence Log is favorable to Mr. Crumpton and that it suppressed the Evidence Log, either wilfully or inadvertently.

and was not strongly corroborated); *Harris v. Lafler*, 553 F.3d 1028, 1033 (6th Cir. 2009) (noting that the key witness' testimony was the only piece of eyewitness evidence that linked the defendant to the shooting, and without it, the government's case was circumstantial).

In determining whether evidence is material under *Brady*, courts review the evidence collectively. *Brooks v. Tennessee*, 626 F.3d 878, 892 (6th Cir. 2010). Accordingly, impeachment value may be undermined by other evidence in the record. *Hutchison*, 303 F.3d at 745.

"Further, there is no *Brady* violation . . . if the information was available to [the defendant] from another source." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) (internal quotation marks omitted).

In the instant case, the newly discovered Evidence Log does not cast sufficient doubt on Mr. Crumpton's conviction that it puts the "whole case in such a different light." *Kyles*, 514 U.S. at 435. Had the Evidence Log been disclosed to Mr. Crumpton as required under *Brady*, Mr. Crumpton could have used it to impeach the credibility of Sgt. Farris, the Government's key witness. Notwithstanding the Evidence Log's impeachment value, Mr. Crumpton fails demonstrate that it was material in light of the other evidence offered against him at trial.

Mr. Crumpton submits that the location of GX 21 was "a critical piece of the Government's evidence refuting Defendant's defense that his activities were confined to the rear section of the premises and he did not possess the bullets that were the basis of Count 1." [Dkt. #83 at 10]. However, the record at trial does not suggest that the location of GX 21 was a primary piece of evidence on which the jury relied in linking Mr. Crumpton to the bullets.[4] Mr. Crumpton made two incriminating statements as to the location of the ammunition at 745 Sloan, ruled admissible by the Sixth Circuit. *See Crumpton*, 824 F.3d at 611. Moreover, a second digital scale (GX 26), albeit without heroin residue, was recovered from the front of the residence near the bullets. Exhibit E.

Additionally, at the time of trial, Mr. Crumpton had in his possession a handwritten evidence log (Exhibit A) indicating that the digital scale with residue was recovered from the dining table. Exhibit A. Thus, the information in the newly discovered Evidence Log (Exhibit E) regarding the location of GX 21 was available to Mr. Crumpton in a different form, *see Graham*, 484 F.3d at 417, and could have been used to impeach Sgt. Farris at trial.

---

[4]Whether the Evidence Log has value independent of impeachment is questionable. The only mention of the blue scale with heroin residue at trial was upon its introduction as an exhibit during the Government's direct examination of Sgt. Farris. T. Tr. 25:14-24 (Sep. 4, 2014).

## CONCLUSION

The Government should have disclosed the Evidence Log (Exhibit E) to Mr. Crumpton before trial pursuant to *Brady*. Nevertheless, Mr. Crumpton has not satisfied his burden of demonstrating that the jury's verdict is unworthy of confidence notwithstanding the Government's failure to comply with the law.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for New Trial [83] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge

Dated: November 7, 2017